JOURNAL ENTRY and OPINION
{¶ 1} Appellant Kendall Clark appeals his conviction from a no contest plea to eight counts of gross sexual imposition. As a part of the plea agreement, the State agreed to amend each of the original counts to exclude the sexually violent predator specifications. The trial court accepted the plea, convicted Clark, and sentenced him to the maximum five years on each count to be served concurrently.
{¶ 2} Clark assigns the following as error for our review:
 {¶ 3} APPELLANT HAS BEEN DENIED OF HIS LIBERTY WITHOUT DUE PROCESS OF LAW BY THE MAXIMUM SENTENCES IMPOSED ON HIM AS SAID SENTENCES DO NOT COMPORT WITH OHIO'S NEW SENTENCING STRUCTURE.
{¶ 4} Having reviewed the record and pertinent law, we affirm the decision of the trial court.
{¶ 5} The sole concern in this appeal is whether the trial court had sufficient reasons for imposing the maximum sentence. In his assigned error, Clark admits the trial court found Clark committed the worst form of the offense and poses the greatest likelihood of recidivism as required by R.C. 2929.14 in order to impose maximum sentences; however, he maintains the record simply does not support these findings. In effect, Clark argues the court failed to provide adequate reasons in support of the findings. We disagree.
{¶ 6} The law is well-settled that we will not reverse a trial court on sentencing issues unless the defendant shows by clear and convincing evidence that the trial court has erred.[1]
{¶ 7} In imposing a maximum prescribed sentence, trial courts typically must follow sections (B) and (C) of R.C. 2929.14;[2]
however, because Clark served a previous prison term, and R.C. 2929.14(B) specifically applies only to offenders who have not served a prison term, the trial court here was not bound to make findings under R.C. 2929.14(B). Rather, in order to impose maximum sentences, the trial court needed to find the offender committed the worst forms of the offense, or poses the greatest likelihood of committing future crimes.[3]
{¶ 8} In addition to findings, the trial court must give its reasons for imposing a maximum sentence.[4] Reasons are the trial court's bases for its findings which evince its adherence to the General Assembly's policies of establishing consistency in sentencing and curtailing maximum sentences.[5]
{¶ 9} In support of its finding that this is the worst form of the offense, the trial court stated the victim is eight years of age in relation to a crime applicable to victims under age thirteen; the victim was Clark's stepchild; Clark stroked her and put his "wee-wee" in her butt; and the conduct continued for an extensive period of time.
{¶ 10} Additionally, the court found Clark to be a recidivist. In support of this recidivism finding, the trial court stated Clark had been to prison on three previous cases and he committed these offenses while on parole. Accordingly, the trial court gave its reasons, and those reasons were sufficient to justify the particular findings. We note, of course, the trial court only needed to set forth one of these findings. Consequently, the trial court complied with R.C. 2929.14, and Clark's assigned error is without merit.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, J., and ANN DYKE, J., CONCUR.
[1] R.C. 2953.08(G)(1); State v. Hollander, 2001 Ohio App. LEXIS 805 (July 5, 2001), Cuyahoga App. No. 78334; State v. Haamid,
2001 Ohio App. LEXIS 2764 (June 21, 2001), Cuyahoga App. No. 78761.
[2] See R.C. 2929.14; State v. Edmonson, 86 Ohio St.3d 324,1999-Ohio-110.
[3] R.C. 2929.14(C).
[4] See R.C. 2929.19; Edmonson, supra; State v. Berry 2000 Ohio App. LEXIS 910 (Mar. 9, 2000), Cuyahoga App. Nos. 75470 and 75471.
[5] See R.C. 2929.11 et seq.; see, also, Edmonson, supra.